IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Raj Patel

v.

Manisha Patel, Kartik Patel, Charmi Patel, Nina Patel, Neal Patel, Dhaval Patel, Ajay Nair, Emory University, and President Donald J. Trump

Case No. 1:20-cv-1772-TWP-MPB

FILED
08/22/2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

**AMENDED COMPLAINT SHOWING CAUSE AS ORDERED BY THIS COURT**

I, Raj Patel, the undersigned plaintiff *pro se*, having read the Entry Screening Complaint and Order to Show Cause at Dkt. 19, respectfully submit, this amended complaint:

**I.      JURISDICTION:**

a. FEDERAL LAW (28 U.S.C. § 1331): Jurisdiction in federal court is proper because this complaint arises out of federal questions, including but not limited to, R.I.C.O., 18 U.S.C. § 1965; federal common law assault; federal common law battery; federal common law sexual assault; federal common law sexual battery; federal common law battery with interstate travel; federal common law intentional infliction of emotional distress (IIED); honest services fraud, 18 U.S.C. § 1346; and federal common law harm to reputation. *Guarro v. United States*, 237 F.2d 578, 580 (D.C. Cir. 1956), *Ladner v. United States*, 358 U.S. 169, 177 (1958), and 18 U.S.C. § 1961 *et seq*. Compl., Dkt. 1 at 2. *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393 (1857) and U.S. const. amend. IX. 28 U.S.C. § 1331.

    b. SUPPLEMENTAL (28 U.S.C. § 1367): Should the sexual assault claim or other claims be a state claim, federal subject-matter jurisdiction is proper because they attach to the federal statutory claims, R.I.C.O., 18 U.S.C. § 1965, and honest services fraud, 18 U.S.C. § 1346, and federal common law claims through supplemental jurisdiction because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 *et seq*.

II. **DEMAND FOR RELIEF:**

    a. 18 U.S.C. § 1964

    b. 18 U.S.C. § 1941 ("fine under this title")

    c. 28 U.S.C. § 1357

    d. Common law:

        i. Compensatory damages, – my legal injuries,

        ii. Parasitic damages – for the IIED,

        iii. Restitution – Emory U. made unlawful gains by not reporting my rape,

        iv. Punitive Damages.

III. **LEGAL INJURY & SUM OF DAMAGES ($4,750,000):**

    a. LEGAL INJURY: I was touched, without my consent, in between my legs on the thighs, once, in between the years 2005 to 2007 by Manisha Patel. I had re-live the trauma by being in the same space as my assailant, Manisha Patel. In 2014, I told then-Dean of Campus Life of Emory University Ajay Nair, an agent of Emory University, somewhere along the lines that "I was raped" before attending

Emory University. Ajay did not believe me. I assume that I was under surveillance or the target of the sporadic use of a stress weapon, a known fact by local, state, or federal law enforcement.

b. EACH PERSON'S ACTS:

  i. <u>Manisha Patel</u> – Touched me without consent while in the shower and in between my legs. I was in my mom and dad's shower and it has a glass door. She should not have been physically in the shower. Over the course of the years, I had to re-live this trauma emotionally. $1,000,000.

  ii. <u>Kartik Patel</u> – Manisha is a battered wife, possibly with battered wife syndrome. If Kartik would have told her to stop, then she would have stopped. Manisha has a complete loss of self-control, and her only way to regain control was inflicting harm on another person. She chose that person to be me. Kartik was negligent, breach of duty, as one of my legal guardians at the time, by not ordering her to stop. Kartik should have created space between Manisha and I. $500,000.

  iii. <u>Neal Patel</u> – I vented to Neal about this incident. He was either asleep or awake during this incident. $50,000.

  iv. <u>Dhaval Patel</u> – I vented to Dhaval about this incident, and he laughed, inflicting emotional harm. He failed to be a Good Samaritan. $50,000.

  v. <u>Charmi Patel</u> – I vented to Charmi about this incident, and she laughed, inflicting emotional harm. She failed to be a Good Samaritan. In December 2017, Charmi and Nina travelled to Indiana from New Jersey aiding and abetting in causing stress, possibly to erase this memory from

      my mind, which would in addition to partaking in R.I.C.O. is federal common law battery with interstate travel. $100,000.

    vi. <u>Nina Patel</u> – I vented to Nina about this incident, inflicting emotional harm. She failed to be a Good Samaritan. In December 2017, Charmi and Nina travelled to Indiana from New Jersey aiding and abetting in causing stress, possibly to erase this memory from my mind, which would in addition to partaking in R.I.C.O. is federal common law battery with interstate travel. $100,000.

    vii. <u>Ajay Nair</u> – I told Ajay about this rape. He said that it does need to be reported. I assume that to mean that he did not report it. Ajay owed me a duty to report and honest services. Before withdrawing from Notre Dame Law School, around October 2017, while I was an Assistant Rector in Keenan Hall at the University of Notre Dame, I called Ajay Nair that I was a victim of a stress weapon, possibly under the control of my father, Kartik. I asked if he knew of anything about this. I was hoping that the assistant rectorship would help one of my possible career goals of working at a research university, administration and faculty. $1,000,000.

    viii. <u>Emory University, Inc.</u> – Ajay is an agent of Emory University. Emory owed me a duty to report and honest services. $1,000,0000.

    ix. <u>Donald J. Trump</u> – President Trump is the Head of State and Head of Government of all sovereigns bound by the United States Constitution. The United States owed me honest services. $1,000,000.

**IV.**    **SHORT AND PLAIN STATEMENT:**

a. Incorporate Section III above.

b. I was touched, without my consent, in between my legs on the thighs, once, in between the years 2005 to 2007 by Manisha Patel. I had re-live the trauma by being in the same space as my assailant, Manisha Patel. In 2014, I told then-Dean of Campus Life of Emory University Ajay Nair, an agent of Emory University, somewhere along the lines that "I was raped" before attending Emory University. Ajay did not believe me. I assume that I was under surveillance or the target of the sporadic use of a stress weapon, a known fact by local, state, or federal law enforcement. Dhaval, Charmi, and Nina exacerbated this problem. Manisha's, Kartik's, Dhaval's, Charmi's, and Nina's actions are a part of the R.I.C.O.; President Trump could have aided and abetted in the same conspiracy. Ajay could have also communicated via a third-party and aided and abetted. Discovery, including from the record, can help prove the facts. On August 4, 2020, in the Indiana Superior Court, Hendricks County, at a trial for a protective order against her, I raised the facts pertaining to her conduct; Manisha did not deny, while on the record. *Patel, Raj v. Patel, Manisha*, No. 32D04-2007-PO-000276 (Ind. Super. Ct. 2020). These alleged actions are illegal and violations of federal law mentioned in Section I above, subject to adjudication in federal court. Monetary damages are sought.

Respectfully submitted,

/s/ Raj Patel
Raj Patel
1239 Spring Lake Drive
Brownsburg, IN 46112
rajp2010@gmail.com
317-450-6651
(*pro se*)

Dated: August 22, 2020