UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJ PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01772-TWP-MPB |
| | ) |
| MANISHA PATEL, | ) |
| KARTIK PATEL, | ) |
| CHARMI PATEL, | ) |
| NEAL PATEL, | ) |
| DHAVAL PATEL, | ) |
| NINA PATEL, | ) |
| AJAY NAIR, | ) |
| EMORY UNIVERSITY, INC., and | ) |
| DONALD J. TRUMP, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DISMISSING ACTION AND
DIRECTING ENTRY OF FINAL JUDGMENT**

In its Entry of August 4, 2020, the Court screened the Complaint and explained that it is subject to dismissal for want of jurisdiction because of a lack of diversity jurisdiction over the Plaintiff's state law claims (Filing No. 19). The Court gave the Plaintiff an opportunity to amend his Complaint no later than August 28, 2020, and show cause why this case should not be dismissed because of a lack of jurisdiction.

On August 22, 2020, Plaintiff filed his response to the Court's Screening Entry and submitted an Amended Complaint (Filing No. 20). Plaintiff alleges in his Amended Complaint that his claims "arise out of federal questions" and he adds the label "federal common law" in front of each of his state law claims. Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's amendment

by adding the label "federal common law" in front of his state law claims is not sufficient to survive dismissal of his claims without diversity jurisdiction. The Plaintiff's Amended Complaint fails to address or cure the problem of the initial Complaint concerning the lack of diversity jurisdiction between the Plaintiff and the Defendants.

Plaintiff also alleges that he is bringing a federal RICO claim under 18 U.S.C. § 1965 and a federal "honest services fraud" claim under 18 U.S.C. § 1346. Dismissal of a complaint is appropriate where it fails to state a claim for relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The Plaintiff's Amended Complaint fails to allege sufficient factual matter to state a federal RICO claim that is plausible. Likewise, the Plaintiff's Amended Complaint fails to allege sufficient factual matter to state an honest services fraud claim under 18 U.S.C. § 1346, which is a criminal statute.

The Court gave notice to the Plaintiff regarding the jurisdictional deficiencies of his initial Complaint and provided him with an opportunity to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014). Because the Plaintiff has failed to cure the deficiencies of his initial Complaint,

this action is **dismissed for lack of jurisdiction**. All pending motions are **denied as moot**. Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED.**

Date: 9/1/2020

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAJ PATEL
1239 Spring Lake Dr.
Brownsburg, IN 46112

3